IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

DUBLIN DIVISION

| | | |
|---|---|---|
| JANCY ROSARIO, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | CV 321-048 |
| | ) | |
| STACEY N. STONE, Warden, | ) | |
| | ) | |
| Respondent. | ) | |

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

Petitioner, an inmate at McRae Correctional Facility, in McRae, Georgia, filed the above-captioned petition pursuant to 28 U.S.C. § 2241. Petitioner seeks an Order from the Court directing the Bureau of Prisons ("BOP") to credit 139 days to his sentence that he spent in U.S. Immigration and Customs Enforcement ("ICE") custody from June 13, 2018, through October 30, 2018.[1] (Doc. no. 1, pp. 1, 4, 5; doc. no. 1-1, p. 3.) In response to the show cause order, Respondent reports Petitioner has already received credit for the period of time in question. (See doc. no. 6.) The Court thus **REPORTS** and **RECOMMENDS** the motion to dismiss be **GRANTED**, (doc. no. 6), and that this case be **DISMISSED** as **MOOT** and **CLOSED**.

---

[1] Petitioner frequently miscalculates the number of days for which he seeks credit as 135 days or four months and fifteen days. The actual time between the dates in question is 139.

I.     DISCUSSION

Petitioner was arrested on September 2, 2017, for federal drug offenses. (Doc. no. 1, p. 5.) He remained in pretrial custody until March 20, 2018, after which he was released. (Id. at 2.) On June 13, 2018, he was arrested again and held by ICE in York, Pennsylvania, for an immigration violation. (Id.) On October 31, 2018, while under ICE custody, Petitioner was indicted on the federal drug offenses, and on November 6, 2018, he was transferred to United States Marshal custody. (Id. at 2, 5); United States v. Rosario, 2:18-cr-00477-GEKP, doc. no. 1 (E.D. Pa. Oct. 31, 2018). He remained in pretrial custody until March 4, 2021, when the United States District Court for the Eastern District of Pennsylvania sentenced him to fifty-seven months in prison for conspiracy to distribute and possession with intent to distribute 100 grams or more of heroin and fentanyl. (Doc. no. 1, pp. 2, 5); Rosario, 2:18-cr-00477-GEKP, doc. no. 197 (E.D. Pa. Mar. 10, 2021).

Petitioner attached a copy of his sentence monitoring computation report dated March, 25, 2021, which set his projected release date on April 19, 2022. (Doc. no. 1-1, p. 3.) That calculation included credit for time spent in detention between September 2, 2017 to April 2, 2018 and between October 31, 2018 to March 3, 2021. (Id.) Accordingly, Petitioner requests credit for the time spent in ICE custody from June 13, 2018 to October 30, 2018, which was not included in the March 25th report attached to his § 2241 petition.

In his motion to dismiss, Respondent attaches an updated copy of Petitioner's sentence monitoring computation report dated October 21, 2021, which gives Petitioner credit for the entire time spent in detention between June 13, 2018 to March 3, 2021. (Doc. no. 6-1, p. 7.) Petitioner's projected release date is now November 30, 2021. (Id.) It appears the BOP credited Petitioner's federal sentence with the 139 days requested, and Petitioner's sentence

2

computation was updated accordingly sometime after March 25, 2021.  (Compare doc. no. 1-1, pp. 2-3 with doc. no. 6-1, pp. 6-7.)

As a result, the instant matter is moot.  The jurisdiction of federal courts is limited by Article III of the Constitution to "Cases" or "Controversies."  Soliman v. United States, 296 F.3d 1237, 1242 (11th Cir. 2002).  "[A] case is moot when it no longer presents a live controversy with respect to which the court can give meaningful relief."  Barrera v. United States Attorney Gen., 557 F. App'x 877, 881 (11th Cir. 2014); Soliman, 296 F.3d at 1242.  If events occurring after the filing of a petition deprive the Court of the ability to provide meaningful relief, then the case is moot and must be dismissed.  Soliman, 296 F.3d at 1242; see also Spencer v. Kemna, 523 U.S. 1, 7 (1998) ("[T]hroughout the litigation, the plaintiff 'must have suffered or be threatened with, an actual injury traceable to the defendant and likely to be redressed by a favorable judicial decision.'") (citation omitted).  Because mootness is jurisdictional, dismissal is required if no case or controversy remains.  Id.

Here, the record confirms that at least as of October 21, 2021, the relief Petitioner sought when he filed this petition has been granted.  (Doc. no. 6-1, p. 7.)  Consequently, no case or controversy remains for which the Court can grant meaningful relief, and this proceeding must be dismissed.

II.   **CONCLUSION**

For the reasons set forth above, the Court **REPORTS** and **RECOMMENDS** the motion to dismiss be **GRANTED**, (doc. no. 6), and that this case be **DISMISSED** as **MOOT** and **CLOSED**.

SO REPORTED and RECOMMENDED this 24th day of November, 2021, at Augusta, Georgia.

```
BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA
```